Terry S. METZENBAUM, Petitioner,

v.

DEPARTMENT OF JUSTICE,
Respondent.

No. 00–3400.

United States Court of Appeals,
Federal Circuit.

Feb. 21, 2001.

Terry S. Metzenbaum, of University Heights, OH, pro se.

Thomas P. Reilly, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were David M. Cohen, Director; and James M. Kinsella, Deputy Director.

Before LOURIE, GAJARSA, and DYK, Circuit Judges.

DYK, Circuit Judge.

Terry S. Metzenbaum ("petitioner") seeks review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") denying his claim for remedial action under the Uniformed Services Employment and Reemployment Rights Act of 1994, Pub.L. No. 103–353, 1994 U.S.C.C.A.N. (108 Stat.) 3149 ("USER-RA") (codified at 38 U.S.C. §§ 4301–4333), and dismissing his claims of disability discrimination and reprisal for prior EEO complaints. *Metzenbaum v. Dep't of Justice*, No. CH–3443–99–0341–I–1, 2000 WL 900696 (M.S.P.B. June 2, 2000). Specifically, petitioner seeks review only of the Board's dismissal of the discrimination and reprisal claims for lack of jurisdiction. Because the Board's finding that it does not have jurisdiction over the discrimination and reprisal claims under 5 U.S .C. § 7702(a) may be inconsistent with Board regulations, we affirm-in-part, vacate-in-part, and remand.

## BACKGROUND

On July 19, 1994, Mr. Metzenbaum interviewed for employment as a correctional officer with the Department of Justice ("agency") at the Metropolitan Correctional Center in Chicago, Illinois, and was given a routine medical examination for prospective correctional officers. On November 29, 1994, the agency notified petitioner that it had canceled his eligibility for employment as a correctional officer because he did not meet the physical requirements necessary ·to perform the job duties.

On February 16, 1995, petitioner filed an EEO complaint asserting that the agency's decision constituted disability discrimination as well as reprisal for prior EEO complaints that he had made. The agency issued its final EEO decision against petitioner on February 17, 1999. Petitioner then filed a complaint with the Board, alleging that he was denied employment with the agency because of his military status, which would be a violation of US-ERRA, and re-asserted his claims of disability discrimination and reprisal.

The administrative judge ruled that the Board's jurisdiction was limited to review of his USERRA claim and did not extend to the discrimination or reprisal claims. Petitioner then filed a motion requesting that the administrative judge certify an interlocutory appeal on the issue of whether the Board's review was limited to the USERRA claim. In an interlocutory order, the Board held that "the administrative judge correctly limited his consideration of the appeal to the claimed US-ERRA basis and properly declined to consider the appellant's remaining allegations of discrimination and reprisal." *Metzenbaum v. Dep't of Justice*, 82 M.S.P.R. 700, 703 (1999) ("*Metzenbaum I*"). The Board noted that "its jurisdiction to decide 'mixed' cases under 5 U.S.C. § 7702 provides no basis for the assertion of authority over 'pure' USER-RA claims ... because such appeals [sic] do not raise matters that may otherwise

be appealed to the Board, absent the asserted USERRA violation," and returned the case to the administrative judge. *Id.* at 703.

The administrative judge issued an initial decision on January 27, 2000, denying the USERRA claim because "the record evidence does not indicate that the appellant's military service was 'a motivating factor' in the agency's decision to reject his application for employment." The administrative judge again held that the Board lacked jurisdiction over the disability discrimination and retaliation claims. The administrative judge reasoned that "[b]ecause the Board's jurisdiction over this appeal is derived solely from USERRA, the appellant's non-USERRA reprisal and discrimination claims may not be adjudicated by the Board," citing the Board's earlier interlocutory decision in this case, *Metzenbaum I,* 82 M.S.P.R. 700 (1999), and the Board's recent decision in *Bodus v. Department of the Air Force,* 82 M.S.P.R. 508 (1999).

Petitioner's subsequent petition for review to the Board was denied on June 2, 2000. This petition for review to this court followed.

## DISCUSSION

■ Decisions of the Board must be sustained unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c); *Hayes v. Dep't of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984).

In this petition for review, petitioner apparently only seeks review of the Board's finding that it lacked jurisdiction over the discrimination and reprisal claims. Petitioner does not direct any of his arguments to the merits of the denial of his USERRA claim. Nonetheless, we have reviewed the Board's decision on the USERRA claim, and find no error in the Board's disposition of that claim.

■ The Board's jurisdiction is limited to that expressly granted by statute or regulation. *Cruz v. Dep't of the Navy,* 934 F.2d 1240, 1243 (Fed.Cir.1991) (en banc). The Board's jurisdiction to hear "mixed cases" is defined by 5 U.S.C. § 7702(a)(1), which states that the Board's jurisdiction extends to cases in which an employee or applicant for employment:

(A) has been affected by an action which the employee or applicant may *appeal* to the Merit Systems Protection Board, and

(B) alleges that a basis for the action was discrimination prohibited by [various statutes].

5 U.S.C. § 7702(a)(1). (Emphasis added.) In such a case, "the Board shall . . . decide both the issue of discrimination and the appealable action. . . ." *Id.*

■ Petitioner argues that this case is a "mixed case" under 5 U.S.C. § 7702, so that the Board has jurisdiction over the disability discrimination and reprisal claims, in addition to the USERRA claim. Initially we note that we have jurisdiction over this petition for review pursuant to 28 U.S.C. § 1295(a)(9) and 38 U.S.C. § 4324(d)(1). Under 5 U.S.C. § 7703(b)(1), this court is without jurisdiction to review Board decisions concerning discrimination and reprisal on the merits under 5 U.S.C. § 7702. *Spears v. Merit Sys. Prot. Bd.,* 766 F.2d 520, 522 (Fed.Cir. 1985). However, in such cases, this court has jurisdiction to review decisions on threshold issues such as the Board's jurisdiction. *Id.* at 522; *see also Ballentine v. Merit Sys. Prot. Bd.,* 738 F.2d 1244, 1247 (Fed.Cir.1984) ("The language of § 7703(b)(1) . . . itself strongly suggests that until the merits of a 'mixed' discrimination are reached by the MSPB, procedural or threshold matters, not related to the merits of a discrimination claim before the MSPB, may properly be appealed to this court.").

■ With respect to the issue of Board jurisdiction, the statute clearly lim-

its the Board's jurisdiction under § 7702 to cases involving an "appeal" of adverse actions. *See Spears*, 766 F.2d at 522–23 ("Under 5 U.S.C. § 7702(a), the MSPB has jurisdiction over mixed cases which involve an adverse action normally appealable to the MSPB and an allegation that a basis for the action was discrimination."); *Ballentine*, 738 F.2d at 1246 (discussing mixed cases under § 7702(a)(1)).

Under USERRA, a veteran may file a "complaint" of a violation of the statute. *See* 38 U.S.C. § 4324(c)(1) ("The Merit Systems Protection Board shall adjudicate any *complaint* brought before the Board pursuant to [38 U.S.C. § 4324](a)(2)(A) or (b)." (emphasis added)). The Board's reasoning in the decision under review references the Board's earlier interlocutory order in *Metzenbaum I* and the Board's recent decision in *Bodus v. Department of the Air Force*, 82 M.S.P.R. 508 (1999). Both in *Bodus* and in the earlier interlocutory decision here, the Board found that a complaint filed under USERRA is not an "appeal" within the meaning of § 7702(a)(1).

In these earlier opinions, the Board reasoned that because a complaint filed under USERRA is not an "appeal" to the Board, this case is outside the scope of "mixed case" review under § 7702(a)(1), and that the Board lacks jurisdiction under that statute to review the discrimination and reprisal claims. The Board further noted that there are no other statutory grounds for the Board to review the discrimination and reprisal claims. Therefore, the Board here dismissed the discrimination and reprisal claims for lack of jurisdiction.

The Board's reasoning in this case and in the earlier *Bodus* case has much to recommend it. The difficulty, however, is that the Board has adopted regulations which appear to take a contrary approach. Although an earlier version of these regulations existed at the time of *Bodus* and *Metzenbaum I*, these regulations were, surprisingly, not cited in either of those cases, or in the government's informal brief in this case. The current regulations are 5 C.F.R. §§ 1201.3(b)(1) and 1208.4. While the regulations make no mention of section 7702, section 1201.3 defines the appellate jurisdiction of the Board (as contrasted with its original jurisdiction which is defined in section 1201.2) and includes a newly added subsection (b)(1) treating complaints under USERRA as appeals and stating that they "are governed by part 1208 of this title," relating to appeals. Rules and Regulations for Merit Systems Protection Board, 65 Fed.Reg. 5409, 5409 (Feb. 4, 2000) (to be codified at 5 C.F.R. § 1201.3(b)(1)). Section 1208.4 of part 1208 of the new regulations specifically states that an " '[a]ppeal' means a request for review of an agency action ... and includes a 'complaint' or 'action' as those terms are used in USERRA (38 U.S.C. 4324) ..." and that a " 'USERRA appeal' means an appeal filed under 38 U.S.C. 4324...." Rules and Regulations for Merit Systems Protection Board, 65 Fed.Reg. 5410, 5412 (Feb. 4, 2000) (to be codified at 5 C.F.R. § 1208.4). These regulations make clear that placing USERRA claims within the Board's appellate jurisdiction was not inadvertent. Indeed, under an earlier regulation in effect between December 22, 1997 and February 4, 2000, the Board also considered USERRA complaints to be appeals.[1]

1. Under the rules in effect prior to the issuance of these new regulations on February 4, 2000, USERRA claims were specifically listed under the appellate jurisdiction at subsection 1201.3(a)(22). Section 1201.3(a)(22) provided that:

The Board has jurisdiction over appeals from agency actions when the appeals are authorized by law, rule, or regulation. These include appeals from ... (22) Non-compliance by a Federal executive agency employer or the Office of Personnel Management with the provisions of [the USERRA] relating to the employment or reemployment rights or benefits to which a person is entitled after service in the uniformed services.

5 C.F.R. § 1201.3(a)(22) (2000), removed by 65 Fed.Reg. 5409, 5409 (Feb. 4, 2000). The Board's comments adopting this regulation

Under these circumstances we believe a remand to the Board is required so that it may reconsider its decision in this case in light of the Board's own regulations.

## CONCLUSION

Therefore, we affirm the Board's decision on the USERRA claim, but vacate and remand to the Board to reconsider its

dismissal of petitioner's discrimination and reprisal claims in light of the regulations.

*AFFIRMED–IN–PART, VACATED–IN–PART, AND REMANDED.*

stated specifically that section 1201.2(a) was being amended "to exclude USERRA appeals from the Special Counsel actions included under the Board's 'original jurisdiction,'" and that section 1201.3(a) was being amended "to add USERRA actions to the list of appealable actions as new paragraph (a)(22)...." 62 Fed.Reg. 66813, 66813 (Dec. 22, 1997).