NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3359

ROGELIO GITTENS,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED: February 24, 2005

_____

Before NEWMAN, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

Petitoner, Rogelio Gittens ("Gittens") seeks review of the decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing as moot his challenge to an unsuitability finding by the Department of Homeland Security ("DHS") and rejecting his related discrimination claim as lacking sufficient support to provide the Board with jurisdiction. Gittens v. Dep't of Homeland Security, No. SE-0731-04-0116-I-1 (M.S.P.B. February 27, 2004). This decision became final when the full board denied Gittens' petition for review on May 13, 2004. We affirm.

BACKGROUND

Gittens was employed as an Immigration Inspector by DHS from January 26, 2003 until March 28, 2003, when he was terminated prior to the expiration of his

probationary period. In April 2003, Gittens submitted an application to DHS for the position of Center Adjudication Officer. On January 16, 2004, DHS issued a finding that Gittens was unsuitable to be employed in the position of Center Adjudication Officer. Gittens appealed the agency's unsuitability finding to the Merit Systems Protection Board ("the Board") on January 21, 2004, alleging, inter alia, that the agency action was motivated by racial discrimination. In a letter to Gittens dated February 9, 2004, DHS "rescinded its finding of unsuitability, without prejudice," and stated that it "will resume processing [Gittens'] application . . . and will revaluate [his] suitability for employment." (Resp't App. at 11.)

After the agency withdrew its unsuitability finding, Gittens continued to pursue his allegation of race discrimination and to urge that the Board had jurisdiction. Under the Board's precedent, before an appeal is dismissed as moot, appellants must be given an opportunity to raise a specific claim for compensatory damages when a general claim of prohibited discrimination has already been made and the underlying adverse action has been rescinded. Currier v. U.S. Postal Service, 72 M.S.P.R. 191, 197-98 (1996). On February 11, 2004, Gittens was ordered by the Administrative Judge ("AJ") to show cause why his appeal should not be dismissed as moot. Gittens provided a response, which the AJ considered insufficient to demonstrate that race was a "motivating factor" in the unsuitability determination. Gittens v. Dep't of Homeland Security, No. SE-0731-04-0116-I-1 (M.S.P.B. February 27, 2004) at 3.

Specifically, the AJ held that to the extent Gittens made non-frivolous allegations of race discrimination, they were related to conduct by FBI agents during a 2002 background investigation for the position of Immigration Inspector, a position for which

Gittens was subsequently hired. With respect to the challenged unsuitability determination for the position of Center Adjudication Officer, although Gittens alleged that DHS personnel considering his application were "rude and insulting," the AJ found that Gittens "ha[d] set forth no facts that tend to show that DHS were [sic] motivated by his race to find him unsuitable." Id. Based on Gittens' failure to "set forth a non-frivolous allegation," the AJ concluded that there was no viable claim of discrimination, and dismissed the appeal as moot. Id. at 4.

Gittens timely appealed to this court, which has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must sustain the Board's decision unless it is "found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

We find no error in the Board's dismissal of Gittens's action. Although Gittens appears to dispute that the adverse action was rescinded, the evidence is clear that the agency "rescinded its finding of unsuitability, without prejudice." (Resp't App. at 11.) The only question on appeal is whether the AJ correctly held that Gittens failed to make a non-frivolous allegation of racial discrimination sufficient to preserve the Board's

04-3359                                    3

jurisdiction.[1]

We agree that Gittens failed to demonstrate the Board's jurisdiction over his appeal. The Board has jurisdiction over discrimination claims only where there is a non-frivolous allegation that discrimination is the basis for the adverse personnel action being appealed. 5 U.S.C. § 7702(a)(1). The Board may exercise such jurisdiction "if the government employee makes non-frivolous allegations of jurisdiction supported by affidavits or other evidence." Dick v. Dep't of Veterans Affairs, 290 F.3d 1356, 1361 (Fed. Cir. 2002). "Non-frivolous allegations cannot be supported by unsubstantiated speculation in a pleading submitted by petitioner." Dorrall v. Dep't of the Army, 301 F.3d 1375, 1380 (Fed. Cir. 2002).

Gittens' claim that the unsuitability determination for the position of Center Adjudication Officer was motivated by race is limited to general allegations of rude and insulting behavior on the part of DHS officials in connection with his April 2003 application. Gittens provides no evidentiary support for race's being a motivating factor in the DHS rejection of his April 2003 application—such as declarations, affidavits, or other documents—and thus fails to establish the Board's jurisdiction.[2] Id. We have considered Gittens' other arguments, and find them to be unpersuasive.

---

[1] Although this court is without jurisdiction to review Board decisions on the merits of claims related to discrimination and reprisal under 5 U.S.C. § 7702, we do have jurisdiction to review the Board's decisions on threshold issues such as the exercise of jurisdiction. Metzenbaum v. Dep't of Justice, 240 F.3d 1068, 1070 (Fed. Cir. 2001).

[2] Gittens' allegations of racial discrimination by FBI agents in connection with the background investigation for the Immigration Inspector position for which he was hired in January, 2003, are irrelevant to this issue.

## CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

## COSTS

No costs.