# United States Court of Appeals for the Federal Circuit

05-3077

JOHN E. KIRKENDALL,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

John E. Kirkendall, of Floral City, Florida, *pro se*.

Gerald M. Alexander, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Donald E. Kinner, Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

05-3077

JOHN E. KIRKENDALL,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:  June 22, 2005

_____

Before MAYER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

Opinion for the court filed by <u>Circuit Judge</u> MAYER.  Dissenting opinion filed by <u>Circuit Judge</u> DYK.

MAYER, <u>Circuit Judge</u>.

John E. Kirkendall appeals the decision of the Merit Systems Protection Board, which dismissed his claims that he had been discriminated against in violation of the Veterans Employment Opportunities Act of 1998 ("VEOA"), 5 U.S.C. § 3330a (2000), and the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311 (2000).  <u>Kirkendall v. Dep't of the Army</u>, AT-3443-02-0622-I-1, AT0330020621-B-1 (MSPB Oct. 13, 2004).  Because the VEOA is subject to equitable tolling and Kirkendall is entitled to a hearing on his USERRA claim, we reverse and remand.

## Background

Kirkendall, a 100% disabled veteran who suffers from organic brain syndrome, applied for a position as a Supervisory Equipment Specialist (Aircraft), GS-1670-12, with the Department of the Army ("agency") at Fort Bragg, North Carolina. Kirkendall's service and resulting disability entitled him to a 10-point preference. He included a resumé with his application, which indicated, inter alia, that he had admirably served as the Commander of a Direct Support Platoon at Fort Bragg, and as a Force Integration Officer and an Executive Officer/Commander at Fort Bliss, Texas. In addition, Kirkendall's resumé listed numerous, specific duties he had performed, as well as several technical courses he had taken while in the Army. On January 5, 2000, the agency found that Kirkendall's application lacked sufficient detail regarding his experience and rated him ineligible for the position. Kenneth Black, also a 10-point preference eligible veteran, was chosen to fill the position.

Kirkendall filed several complaints with the agency contesting his non-selection, all of which were denied. He then filed a formal complaint with the Department of Labor ("DoL") claiming a violation of his veterans' preference rights and discrimination based on his disability. On November 29, 2001, DoL rejected the complaint because it had not been filed within 60 days of the agency's alleged violation as required by 5 U.S.C. § 3330a(a)(2)(A). On June 13, 2002, Kirkendall appealed to the Merit Systems Protection Board.

The administrative judge ("AJ") dismissed Kirkendall's VEOA claim as untimely and his USERRA claim for failure to state a claim. The board affirmed the AJ's decision that the VEOA claim was precluded for failure to timely file, but reversed the determination that Kirkendall had failed to state a proper claim for relief. Rather, the

board held that Kirkendall's assertion that he was not selected based on his status as a disabled veteran was cognizable under USERRA. On remand, the AJ held, without a hearing, that Kirkendall had offered no proof that his veteran status was a substantial or motivating factor in his non-selection. The AJ further held that discrimination could not be inferred because: (1) Kirkendall's non-selection was based on the indefiniteness of his application; (2) all other applicants on the Certificate of Eligibles were veterans; and (3) a veteran, who was eligible for a 10-point preference, was selected for the position. The AJ's remand decision was adopted by the board when review was denied.

Kirkendall appeals the board's decision to this court, claiming that the board erred by failing to toll the filing periods contained in 5 U.S.C. § 3330a and by refusing to hold a hearing on his USERRA claim. We exercise jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

Discussion

We are presented with three issues: (1) is the 60-day filing deadline contained in 5 U.S.C. § 3330a(a)(2)(A) subject to equitable tolling; (2) is the 15-day filing deadline contained in 5 U.S.C. § 3330a(d)(1)(B) subject to equitable tolling; and (3) are veterans entitled to a hearing regarding their USERRA claims. Because each of these questions involves the interpretation of a statute, we review the board's decision de novo. See Pitsker v. Office of Pers. Mgmt., 234 F.3d 1378, 1381 (Fed. Cir. 2000) ("Statutory interpretation is a question of law which we review de novo.").

## I. Equitable Tolling

The agency contends that the board lacks jurisdiction over Kirkendall's VEOA claim for two reasons. First, he failed to file his complaint with DoL within 60 days of the

decision not to list him on the Certificate of Eligibles[1] as required by subsection 3330a(a)(2)(A).[2] Second, he failed to appeal DoL's determination to the board within 15 days as required by subsection 3330a(d)(1)(B).[3] In response, Kirkendall argues that both filing periods are subject to equitable tolling and that his severe disability justifies tolling in this case.

In Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990), the Supreme Court established a presumption in favor of equitable tolling in suits against the government when permitted in analogous private litigation. In an attempt to honor congressional intent, the Court later held that this presumption can be rebutted if "there [is] good reason to believe that Congress did not want the equitable tolling doctrine to apply." United States v. Brockamp, 519 U.S. 347, 350 (1997). Five factors evince a contrary congressional intent: "[a] statute's detail, its technical language, its multiple iterations of the limitations period in procedural and substantive form, its explicit inclusion of exceptions, and its underlying subject matter." Brice v. Sec'y of Health & Human Serv., 240 F.3d 1367, 1372 (Fed. Cir. 2001).

There can be little doubt that Kirkendall's employment discrimination claim is analogous to claims brought pursuant to Title VII. See Irwin, 498 U.S. at 95 (holding that "the statutory time limits applicable to lawsuits against private employers under Title

---

[1]    While it is unclear when Kirkendall filed his complaint with DoL, it is undisputed that he failed to satisfy the 60-day deadline.

[2]    5 U.S.C. § 3330a(a)(2)(A) states that "[a] complaint under this subsection must be filed within 60 days after the date of the alleged violation."

[3]    5 U.S.C. § 3330a(d)(1)(B) states that "the complainant may elect to appeal the alleged violation to the Merit Systems Protection Board . . . , except that in no event may any such appeal be brought— . . . (B) later than 15 days after the date on which the complainant receives written notification from the Secretary under subsection (c)(2)."

VII are subject to equitable tolling"); <u>Brice</u>, 240 F.3d at 1372 (holding that claims under the Vaccine Act are sufficiently similar to tort claims so as to invoke the <u>Irwin</u> presumption). We therefore begin our analysis by assuming that equitable tolling applies. As a result, we need only determine whether the language and context of section 3330a indicate that Congress desired otherwise.

As an initial matter, we must dispose of the agency's contention that the failure to meet the filing deadline in subsection 3330a(a)(2)(A) irrevocably forecloses a veteran from exhausting his administrative remedies, thus precluding jurisdiction in the board. The agency's theory does not comport with our holding in <u>Bailey v. West</u>, 160 F.3d 1360, 1364 (Fed. Cir. 1998) (en banc), that the Supreme Court has "not distinguish[ed] among the various kinds of time limitations that may act as conditions to the waiver of sovereign immunity." Furthermore, the agency's theory directly contradicts <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982), a Title VII case, which held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."

Other courts have likewise held that filing deadlines contained in statutes requiring exhaustion of administrative remedies are not jurisdictional, but rather are subject to equitable relief. For example, in <u>Edelman v. Lynchburg College</u>, 300 F.3d 400, 404 (4th Cir. 2002), another Title VII case, the Fourth Circuit held that the exhaustion requirement, like a statute of limitations, can be tolled. <u>See also</u> <u>Leong v. Potter</u>, 347 F.3d 1117, 1122 (9th Cir. 2003) ("The exhaustion requirement is akin to a statute of limitations and is subject to waiver, equitable estoppel, and equitable tolling."). Similarly, <u>Harms v. Internal Revenue Service</u>, 321 F.3d 1001, 1009 (10th Cir. 2003),

held that "the failure to <u>timely</u> exhaust administrative remedies [with the MSPB] is not a jurisdictional deficiency but rather is in the nature of a violation of a statute of limitations." In the context of the Occupational Safety and Health Act, the Tenth Circuit held that the requirement that an employee must file a complaint with the Secretary of Labor within 30 days of a violation could be tolled. <u>Donovan v. Hahner, Foreman & Harness, Inc.</u>, 736 F.2d 1421, 1424 (10th Cir. 1984) (analyzing 29 U.S.C. § 660(c)(2)). And, the Second Circuit held that the failure to timely exhaust administrative remedies prescribed in the Financial Institution Reform, Recovery, and Enforcement Act can be excused when required by equity. <u>Carlyle Towers Condo. Ass'n v. Fed. Deposit Ins. Corp.</u>, 170 F.3d 301, 307 (2d Cir. 1999). We therefore hold that the exhaustion requirement contained in subsection 3330a(a)(2)(A) that a veteran file a complaint with DoL within 60 days of the alleged violation is akin to a statute of limitations. As such, we apply the same analysis to subsection 3330a(a)(2)(A) as we apply to subsection 3330a(d)(1)(B) in determining whether equitable tolling is allowed.

Turning to the focus of our inquiry, we consider each of the five factors outlined in <u>Brockamp</u>, 519 U.S. at 350-53, to determine whether Congress intended that equitable tolling not be allowed. First, section 3330a is not detailed. This is especially true in comparison with other administrative schemes held subject to equitable tolling, such as Title VII, <u>Irwin</u>, 498 U.S. at 92, and Social Security, <u>Bowen v. City of N.Y.</u>, 476 U.S. 467, 469 (1986). Similarly, section 3330a is less detailed than the highly complex scheme used to provide benefits to veterans. <u>See</u> <u>Bailey</u>, 160 F.3d 1360 (holding that 38 U.S.C. § 7266 is subject to equitable tolling). <u>But see</u> <u>Brice</u>, 240 F.3d at 1373 (holding that the National Childhood Vaccine Injury Act is "part of a detailed statutory scheme which includes other strict deadlines").

Second, section 3330a's language is not technical. And, although the language used in subsection 3330a(d)(1)(B) is fairly forceful, the Supreme Court has held that the use of "barred" is, by itself, not sufficient to persuade it that Congress intended to prohibit equitable tolling. Irwin, 498 U.S. at 95. Our court came to the same conclusion in Former Employees of Sonoco Products Co. v. Chao, 372 F.3d 1291, 1298 (Fed. Cir. 2004), where we held that 28 U.S.C. § 2636(d)[4] could be tolled.

Third, the timing provisions in section 3330a are not repeated. See Brockamp, 519 U.S. at 351 ("[section] 6511 reiterates its limitations several times in several different ways"). Fourth, section 3330a does not contain explicit exceptions to the two filing deadlines. See Bailey, 160 F.3d at 1365 ("Likewise, section 7266 does not provide its own exceptions to the general rule."); see also Brockamp, 519 U.S. at 351 ("[section] 6511 sets forth explicit exceptions to its basic time limits, and those very specific exceptions do not include 'equitable tolling.'"); Martinez v. United States, 333 F.3d 1295, 1318 (Fed. Cir. 2003) (en banc) (finding that 28 U.S.C. § 2501 contains an explicit exception for "persons 'under legal disability'"); Brice, 240 F.3d at 1373 ("[T]he Act includes a specific exception from the limitations period for a petition improperly filed in state or federal court.").

The final, and most persuasive of the five Brockamp factors, is the underlying subject matter of section 3330a. The purpose of the VEOA is to assist veterans in obtaining gainful employment with the federal government and to provide a mechanism for enforcing this right. In a very real sense, the VEOA is an expression of gratitude by

---

[4] 28 U.S.C. § 2636(d) states that "A civil action contesting a final determination of the Secretary of Labor under section 223 of the Trade Act of 1974 or a final determination of the Secretary of Commerce under section 251 or section 271 of such Act is barred unless commenced in accordance with the rules of the Court of International Trade within sixty days after the date of notice of such determination." (emphasis added).

the federal government to the men and women who have risked their lives in defense of the United States. It is clear to us that, far from intending a strict interpretation, Congress understood the availability of the Irwin presumption, which was well established by 1998 when the VEOA was adopted. We further note that veterans who seek to enforce their rights under the VEOA will often proceed without the benefit of representation, just as Kirkendall did. Under such circumstances, it is "particularly inappropriate" to foreclose equitable relief. Zipes, 455 U.S. at 397 (quoting Love v. Pullman, 404 U.S. 522, 527 (1972)); see also Bowen, 476 U.S. at 480 ("The statute of limitations we construe in this case is contained in a statute that Congress designed to be unusually protective of claimants." (internal quotation marks omitted)). And, finally, the limitations periods in section 3330a are exceedingly short—far shorter than the 120-day period we held subject to equitable tolling in Bailey, 160 F.3d at 1366.

Having considered the five Brockamp factors we are left with the definite and firm conviction that Congress did not intend to override the Irwin presumption as to either filing period in section 3330a. As such, we hold that both subsection 3330a(a)(1)(A) and subsection 3330a(d)(1)(B) are subject to equitable tolling. On remand, the board is instructed to assess whether Kirkendall's disability prevented him from complying with the filing requirements. See Arbas v. Nicholson, 403 F.3d 1379, 1381 (Fed. Cir. 2005); Barrett v. Principi, 363 F.3d 1316, 1321 (Fed. Cir. 2004).

II. Hearing Rights Under USERRA

We next address Kirkendall's contention that he was entitled to a hearing on his USERRA claim.[5] The board explained in a footnote that it has discretion in USERRA cases to grant a hearing, and that, because there was no genuine factual dispute, a hearing was unnecessary. In refusing to grant hearings in USERRA cases, the board has argued that 38 U.S.C. § 4324[6] refers to USERRA claims as "complaints," not as "appeals," and therefore 5 U.S.C. § 7701(a)[7], which guarantees a hearing in all <u>appeals</u> to the board, does not apply. See <u>Metzenbaum v. Dep't of Justice</u>, 240 F.3d 1068, 1071 (Fed. Cir. 2001) (explaining the board's reasoning for holding that USERRA complaints are not "appeals").

The board's reasoning defies common sense and contradicts its own regulations. First, the vast majority of cases heard by the board, and subject to section 7701, are "appeals" of employment decisions, disciplinary or otherwise, made in the first instance by an agency. See, e.g., <u>Price v. Soc. Sec. Admin.</u>, 398 F.3d 1322 (Fed. Cir. 2005); <u>Guillebeau v. Dep't of the Navy</u>, 362 F.3d 1329 (Fed. Cir. 2004); <u>Knight v. Dep't of Def.</u>,

---

[5] 38 U.S.C. § 4311(a) states that "A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."

[6] 38 U.S.C. § 4324(c)(1) states that "The Merit Systems Protection Board shall adjudicate any <u>complaint</u> brought before the Board pursuant to subsection (a)(2)(A) or (b) . . . . A person who seeks a hearing or adjudication by submitting such a complaint under this paragraph may be represented at such hearing or adjudication in accordance with the rules of the Board." (emphasis added).

[7] 5 U.S.C. § 7701(a) states that "An employee, or applicant for employment, may submit an <u>appeal</u> to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation. An appellant shall have the right—(1) to a hearing for which a transcript will be kept; and (2) to be represented by an attorney or other representative." (emphasis added).

332 F.3d 1362 (Fed. Cir. 2003). These cases do not involve a lower tribunal, such as a district court, yet they clearly involve an initial decision maker distinct from the board. In the same way, USERRA claims originate when an agency makes an employment decision (e.g., refuses to hire a veteran). Regardless of the fact that section 4324 uses the term "complaint," these employment decisions are then appealed to the board for review. More troubling, however, is the board's interpretation of sections 4324 and 7701 as providing less procedural protection to veterans who have potentially been victimized than to employees who have been discharged for misconduct. To the contrary, this reasoning is a gross misinterpretation of the purpose of USERRA.

Second, the board itself understood that USERRA claims are "appeals" within the meaning of section 7701 and has promulgated numerous regulations memorializing this understanding. In 5 C.F.R. § 1208.4, the board determined that "(a) Appeal. 'Appeal' means a request for review of an agency action (the same meaning as in 5 C.F.R. § 1201.4(f)) and includes a 'complaint' or 'action' as those terms are used in USERRA (38 U.S.C. [§] 4342)." And in 5 C.F.R. § 1208.13, the board refers to USERRA claims as "appeals" or to USERRA claimants as "appellants" no fewer than fourteen times. And, as noted in Metzenbaum, 240 F.3d at 1071, the board intentionally included USERRA claims in its appellate jurisdiction.[8]

For these reasons, section 7701 applies to USERRA cases. Consequently, veterans pursuing USERRA claims before the board are entitled to a hearing.

---

[8] Even if we did not think it clear that section 7701 applies to USERRA cases, Kirkendall would be entitled to a hearing because the board promulgated regulations pursuant to 38 U.S.C. § 4331(b)(2) bringing USERRA cases within its appellate jurisdiction. See Metzenbaum v. Dep't of Justice, 89 M.S.P.R. 285, 289 (2001), ("[USERRA] specifically provided that the Board could prescribe regulations to carry out its activities, [38] U.S.C. § 4331(b)(2)(B), pursuant to Congress' broad authorization of the Board to prescribe such regulations as may be necessary for the performance of its functions, 5 U.S.C. § 1204(h).").

## Conclusion

Accordingly, the decision of the board that the filing periods in 5 U.S.C. § 3330a cannot be tolled and that 5 U.S.C. § 7701 does not apply to USERRA cases is reversed. The case is remanded for further proceedings consistent with this opinion.

## COSTS

John E. Kirkendall shall have his costs.

## REVERSED AND REMANDED

# United States Court of Appeals for the Federal Circuit

05-3077

JOHN E. KIRKENDALL,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

DYK, Circuit Judge, dissenting.

The majority today holds with respect to the VEOA appeal that when Congress said "in no event may any . . . appeal be brought . . . later than 15 days," it did not really mean "in no event."  With respect to the USERRA claim the majority gives "appeal" a different meaning than the well established meaning of that term.  I respectfully dissent.

In my view, the Board should be affirmed both on the VEOA claim and on the USERRA claim.  Kirkendall has failed to bring his VEOA appeal within 15 days as required by 5 U.S.C. § 3330a(d)(1)(B), and (since the USERRA proceeding is not an appeal) he is not entitled to a hearing under 38 U.S.C. § 4324 because he has failed to establish the existence of a genuine issue of material fact.

I

A

Turning first to the VEOA appeal, the majority holds that 5 U.S.C. § 3330a(d)(1)(B) is subject to equitable tolling under Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990).  Ante at 6.  In every equitable tolling situation the threshold

question is whether equitable tolling would be available in comparable private party litigation. As Irwin held, "it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants." 498 U.S. at 96. We reemphasized this rule in Bailey v. West: "The rule we draw from Irwin is that the doctrine of equitable tolling, when available in comparable suits of private parties, is available in suits against the United States, unless Congress has expressed its intent to the contrary." 160 F.3d 1360, 1364 (Fed. Cir. 1998) (en banc) (emphasis added). The majority starts with the premise that: "There can be little doubt that Kirkendall's employment discrimination claim is analogous to claims brought pursuant to Title VII [of the Civil Rights Act]." Ante at 4. Because the Title VII statute of limitations between private parties in district court can be tolled, the majority holds that the Irwin equitable tolling presumption applies. Ante at 6.

In my view, the majority's mistake lies in failing to distinguish between original and appellate proceedings. While it is true enough that Kirkendall's VEOA claim is analogous to a Title VII discrimination suit, his VEOA appeal is not analogous to an original district court civil action. The VEOA specifically states that the action before the Board is an "appeal" from the Department of Labor. See 5 U.S.C. § 3330a(d). Kirkendall's VEOA appeal with the Board is thus analogous to an appeal to a court of appeals under Title VII. The analogous appellate filing deadline in private party Title VII cases is 28 U.S.C. § 2107, which is mandatory, jurisdictional, and cannot not be tolled.[1]

---

[1] Title VII discrimination suits filed in district court between private parties are subject to a 90 day statute of limitations in 42 U.S.C. § 2000e-5(f) that is not jurisdictional and may be equitably tolled. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982). But an appeal from the original district court proceeding under Title VII to a court of appeals is governed by 28 U.S.C. § 2107.

Browder v. Dir., Ill. Dep't of Corr., 434 U.S. 257, 264-65 (1978); Oja v. Dep't of the Army, 405 F.3d 1349, 1358 (Fed. Cir. 2005). Since equitable tolling would not be available for comparable private party litigation, it is not available under the VEOA for Kirkendall's Board appeal.

B

Even if we were to assume that tolling would be available in comparable private party litigation, the question remains whether the statutory language here rebuts the presumption of tolling. Appellate filing deadlines are generally mandatory, jurisdictional, and not subject to equitable tolling. See Stone v. Immigration & Naturalization Serv., 514 U.S. 386, 405 (1995) (judicial review of the Board of Immigration Appeals); Missouri v. Jenkins, 495 U.S. 33, 45 (1990) (petitions for writs of certiorari); Browder, 434 U.S. at 264-65 (appeals from district court); Oja, 405 F.3d at 1360 (judicial review of the Merit Systems Protection Board). Because appellate filing deadlines in general are not subject to equitable tolling between private parties, such filing deadlines will also rarely be subject to equitable tolling against the government.

To be sure, we have held that some appellate filing deadlines may be equitably tolled. We held in Bailey that 38 U.S.C. § 7266, the filing deadline in the Court of Appeals for Veterans Claims, may be tolled. 160 F.3d at 1365. Bailey is plainly distinguishable. There, the relevant statute merely provided that the appellant "shall file a notice of appeal with the Court within 120 days." 38 U.S.C. § 7266 (2000). This is hardly emphatic language that unequivocally precludes equitable tolling. Rather, it is a prototypical example of what the Supreme Court meant in United States v. Brockamp, 519 U.S. 347 (1997), when it stated that "[o]rdinarily limitations statutes use fairly simple

language, which one can often plausibly read as containing an implied 'equitable tolling' exception." Id. at 350.

However, the Supreme Court in Brockamp rejected the argument for tolling because the statute at issue "set[ ] forth its time limitations in unusually emphatic form." Id. Thus, the use of emphatic language is indicative of congressional intent to foreclose equitable tolling. In contrast to the statute at issue in Bailey, the language of section 3330a(d)(1)(B) is sufficiently emphatic to rebut any presumption of equitable tolling.

Section 3330a(d)(1)(B) provides:

> [T]he complainant may elect to appeal the alleged violation to the Merit Systems Protection Board . . . , except that <u>in no event may any such appeal be brought</u> . . . later than 15 days after the date on which the complainant receives written notification from the Secretary. . . .

5 U.S.C. § 3330a(d)(1)(B) (emphasis added). This is as emphatic, if not more so, than comparable appellate filing deadlines found at 28 U.S.C. § 2107(a)[2] and 5 U.S.C. § 7703(b)(1),[3] which, as we have recently reaffirmed, cannot be tolled. Oja, 405 F.3d at 1358-60. The majority correctly notes that some of the other factors considered in Brockamp would favor finding equitable tolling available. Ante at 6-8. However, as we

---

[2]    28 U.S.C. § 2107(a) provides:

> [N]o appeal shall bring <u>any</u> judgment . . . of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment . . .

28 U.S.C. § 2107 (2000) (emphasis added).

[3]    5 U.S.C. § 7703(b)(1) provides:

> Notwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board.

5 U.S.C. § 7703(b)(1) (2000).

held in <u>Brice v. Secretary of Health and Human Services</u>, 240 F.3d 1367, 1372-73 (Fed. Cir. 2001), not all the <u>Brockamp</u> factors need to be present to preclude equitable tolling. In my view, the emphatic plain language of section 3330a(d)(1)(B) decisively precludes equitable tolling in this case.

The majority suggests that the language in section 3330a(d)(1)(B) is comparable to the "barred" language in 28 U.S.C. § 2636(d), which we have held can be tolled. <u>Ante</u> at 7. Contrary to the majority, the "barred" language is far less forceful than the "in no event may any . . . appeal be brought" language of § 3330a(d)(1)(B). The Supreme Court addressed almost the exact same statutory language in <u>Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson</u>, 501 U.S. 350 (1991). Section 13 of the Securities Act of 1933 provides:

> No action shall be maintained to enforce any liability created under section 11 or 12(a)(2) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, if the action is to enforce a liability created under section 12(a)(1), unless brought within one year after the violation upon which it is based.
>
> <u>In no event shall any such action be brought</u> to enforce a liability created under section 11 or 12(a)(1) more than three years after the security was bona fide offered to the public, or under section 12(a)(2) more than three years after the sale.

Securities Act of 1933 § 13, codified as amended at 15 U.S.C. § 77m (2000) (emphasis added). The Supreme Court held in <u>Lampf</u> that the "3-year limit is a period of repose inconsistent with tolling. . . . Because the purpose of the 3-year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period." 501 U.S. at 363. In my view the majority's decision is not consistent with <u>Lampf</u>.

Finally, the majority considers it "particularly inappropriate" to literally apply a strict deadline because the VEOA was intended to benefit veterans. <u>Ante</u> at 8. There is, of course, the canon of statutory construction that veterans "legislation is to be liberally construed for the benefit of those who left private life to serve their country." <u>Fishgold v. Sullivan Drydock & Repair Corp.</u>, 328 U.S. 275, 285 (1946). But this canon does not apply unless there is an ambiguity in the statute. In section 3330a(d)(1)(B), there is simply none to be found. "In no event" cannot plausibly be read to contain an equitable tolling exception. <u>Lampf</u>, 501 U.S. at 363.

II

The majority further holds that the Board erred in denying Kirkendall a hearing for his USERRA complaint under 5 U.S.C. § 7701. Section 7701 provides for a mandatory merits hearing in any "appeal" to the Board, whether or not there is a genuine dispute of material fact. <u>Crispin v. Dep't of Commerce</u>, 732 F.2d 919, 924 (Fed. Cir. 1984). Section 7512 of Title 5 of the United States Code generally defines the adverse actions that are appealable to the Board. Some agency actions in alleged violation of USERRA are appealable to the Board as adverse actions, for example, a demotion allegedly based on discrimination against the employee's military service. <u>See</u> <u>Yates v. Merit Sys. Prot. Bd.</u>, 145 F.3d 1480, 1484 (Fed. Cir. 1998) ("[I]n challenging an adverse action before the Board, an employee of a Federal executive agency may assert, as an affirmative defense, a violation of USERRA by the agency."). A failure to hire—the action involved here—is not one of the appealable actions under section 7512. The question is whether 38 U.S.C. § 4324 makes all USERRA discrimination claims into appeals under section 7701.

The Board has held that

> pure USERRA cases are not <u>appeals</u> of personnel actions. Rather, they are petitions for remedial action . . . . In an appeal before the Board, just like an appeal before a court of appeals, the Board reviews a decision that resulted from a due process proceeding. . . . In a petition for remedial action, the Board, like a trial court, determines only whether the petitioner has proved his or her claim for relief.

<u>Bodus v. Dep't of the Air Force</u>, 82 M.S.P.R. 508, 516 (1999) (emphasis in original); <u>see</u> <u>Jordan v. U.S. Postal Serv.</u>, 90 M.S.P.R. 525, 530 (2002). The majority today rejects the Board's view and holds that all USERRA complaints are "appeals," even where there is no adverse action.

The definition of an "appeal" is well established: "It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that cause." <u>Marbury v. Madison</u>, 5 U.S. (1 Cranch) 137, 175 (1803).

Viewed under the <u>Marbury</u> definition, a USERRA claim under 38 U.S.C. § 4324 cannot be an appeal. Section 4324 provides:

> (1) The Merit Systems Protection Board shall adjudicate any <u>complaint</u> brought before the Board . . . . A person who seeks a hearing or adjudication by submitting such a complaint under this paragraph may be represented at such hearing or adjudication in accordance with the rules of the Board.
> (2) <u>If the Board determines that a Federal executive agency or the Office of Personnel Management has not complied with the provisions of this chapter</u> relating to the employment or reemployment of a person by the agency, the Board shall enter an order requiring the agency or Office to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by such person by reason of such lack of compliance.

38 U.S.C. § 4324(c) (2000) (emphasis added). There is no "cause" before the agency which the Board must "revise[ ] and correct[ ]." <u>Marbury</u>, 5 U.S. at 175.

The majority nonetheless holds that section 4324 complaints are "appeals" because "USERRA claims originate when an agency makes an employment decision . . . , these employment decisions are then appealed to the board for review." Ante at 10. The majority draws the analogy to section 7512 adverse action appeals heard by the Board under 7701. Ante at 9-10 (citing Price v. Soc. Sec. Admin., 398 F.3d 1322 (Fed. Cir. 2005) (constructive suspension); Guillebeau v. Dep't of the Navy, 362 F.3d 1329 (Fed. Cir. 2004) (removal); Knight v. Dep't of Def., 332 F.3d 1362 (Fed. Cir. 2003) (reduction in force demotion)). But Congress does not consider all employment decisions to be appealable adverse actions. The failure to hire (whether or not based on discrimination) is not an adverse action. Under the majority's theory, every employment discrimination claim is an appeal whether or not an adverse action is involved.

The majority's theory in this regard is inconsistent not only with section 7701 but also with our 5 U.S.C. § 7702 jurisprudence. Section 7702 provides for pendent Board jurisdiction over certain discrimination claims, and provides in pertinent part:

> [I]n the case of any employee or applicant for employment who—
> (A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and
> (B) alleges that a basis for the action was discrimination prohibited by—
> (i) section 717 of the Civil Rights Act of 1964,
> . . .
> the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action . . . .

5 U.S.C. § 7702 (2000). The language of section 7702 itself draws a distinction between "issue[s] of discrimination" and "appealable action[s]." The distinction is important because "appealable actions" are sufficient for Board jurisdiction under

05-3077                                8

section 7701, but "issues of discrimination" under section 7702 are pendent claims and cannot provide an independent basis for Board jurisdiction. Cruz v. Dep't of the Navy, 934 F.2d 1240, 1243 (Fed. Cir. 1991) (en banc). That is, discrimination claims by themselves are not "appeals" falling under the Board's section 7701 jurisdiction.

To buttress its statutory argument, the majority relies on the Board's regulation at 5 C.F.R. § 1208.4, defining an appeal to include a complaint under USERRA. As the majority points out, we have previously noted this incongruity between the Board's regulations and the Board's holdings in cases such as Bodus. Metzenbaum v. Dep't of Justice, 240 F.3d 1068, 1071 (Fed. Cir. 2001). But given the well established meaning of "appeal," the Board's regulations are irrelevant. Even if the Board were otherwise entitled to Chevron deference in its interpretation of 5 U.S.C. § 7701 or 38 U.S.C. § 4324, Chevron would only apply if the statute were ambiguous. Gen. Dynamics Land Sys. v. Cline, 540 U.S. 581, 600 (2004). In my view, the statutory requirement of an "appeal" is not ambiguous, and a USERRA complaint is clearly not an appeal. Under this interpretation of the statute, the petitioner here has not raised a genuine issue of material fact and is not entitled to a hearing. I respectfully dissent.