NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LIBBY A. DEMERY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-2215

---

Petition for review of the Merit Systems Protection Board in No. PH-3330-19-0292-I-1.

---

Decided:  November 4, 2025

---

LIBBY A. DEMERY, Clinton, MD, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, HUGHES and STOLL, *Circuit Judges*.

PER CURIAM.

Libby Demery seeks review of a decision of the Merit Systems Protection Board denying her request for corrective action under the Veterans Employment Opportunity Act because she did not file a timely complaint with the Department of Labor. The Board concluded that Ms. Demery failed to file her complaint with the Department of Labor within the 60-day statutory period under 5 U.S.C. § 3330(a)(2)(A). Because the Board did not err in finding that Ms. Demery's complaint was untimely, we affirm.

I

Ms. Demery's claims in this case stem from 2010, when she was not selected for a Management Analyst position in the National Guard Bureau.[1] She sought relief under the Veterans Employment Opportunity Act (VEOA) in August 2011, but the Board denied her request because her complaint with the Department of Labor (Labor) was filed after the 60-day statutory period under 5 U.S.C. § 3330(a)(2)(A). *Demery v. Dep't of the Army*, No. DC-3330-13-0063-I-1.[2]

She subsequently filed an individual right of action under the Whistleblower Protection Act (WPA). *Demery v. Dep't of the Army*, No. PH-1221-18-0105-W-1. Ms. Demery alleges that on June 12, 2018, during a hearing for her WPA claim, she discovered evidence of "fraudulent

---

[1]    More details about Ms. Demery's non selection can be found in our previous opinion. *See Demery v. Dep't of the Army*, 809 F. App'x 892, 894–95 (Fed. Cir. 2020). Ms. Demery also has another pending case before this court, *Demery v. Merit Sys. Prot. Bd.*, Fed. Cir. No. 25-1157.

[2]    Ms. Demery's 2011 VEOA claim is not before us today.

concealment" related to her non-selection in 2010. S.A. 46.[3] Ms. Demery received an Initial Decision denying her WPA claim on July 27, 2018 and filed her Petition for Review August 30, 2018. S.A. 68–70. Her petition was granted, but Ms. Demery later moved to withdraw her Petition for Review on June 4, 2019. Appx 12.

In the interim, Ms. Demery filed a new VEOA complaint with Labor on May 7, 2019 based on the information she learned at the June 12, 2018 hearing nearly a year earlier. Labor issued a closeout letter[4] stating that it could not investigate her complaint because she filed it after the VEOA's statutory deadline, which is "60 days after the date of the alleged violation." 5 U.S.C. § 3330(a)(2)(A).

Ms. Demery appealed Labor's decision to the Board on June 1, 2019. S.A. 31–35. The administrative judge ordered Ms. Demery to show cause for the delay between the discovery of the new evidence on June 12, 2018, and May 7, 2019, when she filed her complaint. S.A. 58–59. Ms. Demery argued that because of the "fraudulent concealment" she discovered, a fraud-specific exemption excused her delay. S.A. 60–67. However, the administrative judge found that Ms. Demery's discovery of new evidence did not explain or excuse the additional eleven months it took to file a complaint. Accordingly, the administrative judge upheld Labor's dismissal of her claim. S.A. 16.

Ms. Demery alternatively argued that, to the extent she did miss the 60-day deadline to file a complaint with Labor, equitable tolling should apply. The administrative

---

[3]    S.A. refers to the Supplemental Appendix attached to the Respondent's Informal Response Brief. Appx refers to the documents attached to Ms. Demery's briefs.

[4]    The date of the original Labor closing letter was mistakenly typed as May 20, 2018, but it was issued May 20, 2019. S.A. 36–37.

judge explained that "[t]here is no real dispute that the appellant's Labor complaint was untimely . . . . [T]he appellant did not file her [Labor] complaint until May 7, 2019, nearly eleven months later. Thus, she has missed the sixty-day deadline for filing a timely complaint with [Labor]." S.A. 16. The administrative judge denied Ms. Demery's appeal on jurisdictional grounds because her complaint with Labor was untimely. S.A. 17.

Ms. Demery filed an appeal to the full Board. The Board similarly found that Ms. Demery failed to explain why she did not file her Labor complaint until May 7, 2019. S.A. 5. The Board issued a final order affirming the administrative judge's decision to deny Ms. Demery's request for corrective action under the VEOA because she did not meet the 60-day statutory deadline to file her Labor complaint under § 3330a(a)(2)(A).[5] S.A. 6. Ms. Demery now appeals the Board's decision affirming denial of corrective action of her VEOA claim.

On June 24, 2024, the administrative judge's initial decision, supplemented by the Board's order, became the final decision of the Board. S.A. 6. Ms. Demery timely appealed to this court. For the reasons explained below, we affirm the Board's decision. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

---

[5]    The Board's final order reversed the administrative judge's finding that the Board lacked jurisdiction based on Ms. Demery's untimely filing. S.A. 2–4. The Board found that the administrative judge erroneously based his jurisdictional determination on the untimeliness of Ms. Demery's complaint with Labor. The Board conducted its own jurisdictional analysis and found that it had jurisdiction over Ms. Demery's appeal under the VEOA. The parties do not contest the Board's findings here.

## II

Our standard of review is limited and requires this Court to affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *McGuffin v. Soc. Sec. Admin.*, 942 F.3d 1099, 1107 (Fed. Cir. 2019).

## III

5 U.S.C. § 3330a(a)(2)(A) states that "[a] complaint under this subsection must be filed within *60 days after the date of the alleged violation.*" (emphasis added). Ms. Demery does not appear to dispute that her complaint was untimely. Rather, she appears to argue that her untimely filing was excused because of a fraud-specific exemption, and that the statute of limitations does not apply. A "fraud discovery rule" differs from the traditional equitable tolling doctrine: it is a distinct, equitable rule that may excuse failure to meet a required deadline. *Rotkiske v. Klemm*, 589 U.S. 8, 15 (2019); *see also Oram v. Merit Sys. Prot. Bd.*, No. 2022-1545, 2022 WL 17495910 at *4 (Fed. Cir. Dec. 8, 2022) ("[W]hen a complainant has been fraudulently induced to miss a required deadline, a separate and distinct equitable, fraud-specific discovery rule may excuse failure to meet a required time deadline.").

Even if we accept that a fraud-specific discovery rule could apply to this case, we agree with the Board that Ms. Demery failed to explain why she did not file her VEOA complaint until eleven months after her

"discovery."[6] Accordingly, we affirm the Board's finding that Ms. Demery's VEOA complaint with Labor was untimely.

Ms. Demery also argues that equitable tolling should apply to her VEOA claim and excuse her untimeliness. Although the 60-day period for filing a VEOA complaint with Labor is subject to equitable tolling, *Kirkendall v. Dep't of Army*, 412 F.3d 1273, 1278 (Fed. Cir. 2005), the Board properly found that the circumstances here did not warrant its application. Equitable tolling generally applies in situations where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Kirkendall v. Dep't of Army*, 479 F.3d 830, 839

---

[6] Ms. Demery appears to argue that 5 U.S.C. § 3330a(e)(2) precluded her from pursuing her VEOA claim until after her WPA claim was final. Pet. Br. 2–7; *see also* Appx at 4–7. 5 U.S.C. § 3330a(e)(2) states that "[a] preference eligible may not pursue redress for an alleged violation described in subsection (a) under this section at the same time the preference eligible pursues redress for such violation under any other law, rule, or regulation." While Ms. Demery's WPA and VEOA claims arise from the same non-selection at issue, her WPA claim pertains to certain disclosures she made to management that she believed impacted her non-selection. In contrast, Ms. Demery's VEOA claim concerns an alleged violation of veterans' preference rights, which does not prevent her from pursuing these claims in parallel. *See Sears v. Dep't of the Navy*, 88 M.S.P.R. 31, 34 (M.S.P.B. 2001) (finding that 5 U.S.C. § 3330a(e)(2) does not prevent pursuit of a VEOA claim and a non-veterans preference rights claim); *see also Bagunas v. U.S. Postal Serv.*, 92 M.S.P.R. 5, 8 n.2 (M.S.P.B. 2002) (discussing how the claims can be pursued in parallel), *overruled on other grounds by*, *Garcia v. Dep't of Agric.*, 110 M.S.P.R. 371, 375–76 (M.S.P.B. 2009).

(Fed. Cir. 2007) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990)). Here, the Board concluded that Ms. Demery did not explain why equitable tolling should apply in her case. S.A. 5. She similarly fails to explain to this court why equitable tolling applies.

## IV

We have considered Ms. Demery's other arguments on appeal and find them unpersuasive. For these reasons, we affirm the Board's dismissal of Ms. Demery's complaint.

**AFFIRMED**

Costs

No costs.