# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SYLVIA R. VEGA,
        Appellant,

v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
SF-0752-11-0887-C-1

DATE: October 23, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

Sylvia R. Vega, San Antonio, Texas, pro se.

Geovanny Rojas and Harold G. Murray, Schofield Barracks, Hawaii, for
    the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement. For the reasons discussed below, we GRANT the petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2 The agency removed the appellant, the appellant filed a Board appeal, and the administrative judge reversed the removal on the merits. MSPB Docket No. SF-0752-11-0887-I-1, Initial Appeal File, Tab 1; MSPB Docket No. SF-0752-11-0887-I-2, Refiled Appeal File, Tab 33, Initial Decision (ID) at 1, 7-9, 15. The initial decision contained a standard status quo ante relief order. ID at 15-16. Subsequently, the appellant filed a petition for enforcement, which the administrative judge denied. MSPB Docket No. SF-0752-11-0887-C-1, Compliance File (CF), Tab 1, Tab 10, Compliance Initial Decision (CID). The compliance initial decision informed the appellant that it would become final on March 28, 2014, unless a petition for review was filed by that date. CID at 5.

¶3 On March 29, 2014, the appellant filed a petition for review through the Board's e-Appeal system. Petition for Review (PFR) File, Tab 1. The Clerk of the Board notified the appellant that her petition for review appeared to be untimely filed because it was not received on or before March 28, 2014. PFR File, Tab 2 at 1. The Clerk of the Board advised the appellant that she could submit a motion to accept the petition for review as timely or to waive the time limit for good cause shown. *Id*. at 1-2. The appellant submitted a motion to waive the time limit, PFR File, Tab 3 at 4-5, and the agency filed a response to the petition for review, opposing it on both timeliness and substantive grounds, PFR File, Tab 4.

The deadline for filing the petition for review is waived.

¶4 A petition for review must generally be filed within 35 days after the date the initial decision was issued. 5 C.F.R. § 1201.114(e). The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of the appellant's excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the

existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Absent a showing that the appellant exercised due diligence or ordinary prudence in the particular circumstances of her case, the Board will not find good cause to waive the filing deadline. *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board will not waive its timeliness requirement in the absence of good cause shown, no matter how minimal the delay. *Beckley v. U.S. Postal Service*, 43 M.S.P.R. 397, 399 (1990).

¶5    In this case, the appellant argues that her petition for review was only 6 minutes late. PFR File, Tab 3 at 4. The date stamp on the petition for review indicates that the appellant submitted it on March 29, 2014, at 1:06:53 a.m. Eastern Time. PFR File, Tab 1; *see* 5 C.F.R. § 1201.14(m)(1) (documents filed through the Board's e-Appeal Online system are stamped with Eastern Standard Time). The appellant, however, resides in San Antonio, Texas, which is in the Central Time Zone—1 hour behind. CF, Tab 1 at 2. Therefore, we agree with the appellant that she filed her petition for review approximately 6 or 7 minutes past the filing deadline. *See* 5 C.F.R. §§ 1201.4(*l*) (the date of filing by e-filing is the date of electronic submission); 1201.14(m)(1) (the timeliness of a pleading is assessed based on the time zone from which the pleading is being filed). We find that the delay was minimal. *See Pangelinan v. Department of Homeland Security*, 104 M.S.P.R. 108, ¶ 9 (2006) (delay of 1 day was minimal); *Adams v. Office of Personnel Management*, 98 M.S.P.R. 541, ¶ 12 (2005) (same).

¶6    Regarding the reason for the delay, the appellant alleges that it was due to her depression and to problems that she was having with her computer. PFR File, Tab 3 at 4. To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which she suffered from the

illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her submission or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The appellant was notified of this standard. PFR File, Tab 3 at 4 n.1. Although the appellant may have been suffering from depression during the relevant time period, she has not submitted medical evidence of her condition or shown a causal connection between her depression and her failure to file a timely petition for review or a request for an extension of time to file. *See Bilbrew v. U.S. Postal Service*, 111 M.S.P.R. 34, ¶ 10 (2009). Therefore, the appellant's medical condition has not factored into our good cause analysis.

¶7      Nevertheless, we find that the appellant exercised due diligence when she began the submission process on the due date but had technical problems with her computer that resulted in the submission being completed only several minutes beyond the deadline. *See Social Security Administration v. Price*, 94 M.S.P.R. 337, ¶ 7 (2003), *aff'd*, 398 F.3d 1322 (Fed. Cir. 2005). Considering the appellant's pro se status, her explanation for the delay, the minimal length of the delay, and the lack of any indication that the agency was prejudiced by the delay, we find good cause to waive the deadline for filing the petition for review.

The agency has failed to establish compliance.

¶8      On review, the appellant argues that the agency failed to provide sufficient information on how it calculated her back pay. PFR File, Tab 1 at 4. We agree. Satisfactory evidence of compliance with a back pay order must include a narrative explanation of how the agency arrived at its figures and an accurate accounting of any deductions. *Blanchard v. Department of Justice*, 40 M.S.P.R. 513, 515-16 (1989); 5 C.F.R. § 1201.183(a)(i). In this case, the agency's evidence of compliance with the back pay order consists solely of timesheets, leave and earnings statements, and various computer printouts. CF, Tab 7 at 12-50, Tab 8 at 4-5. From these documents, we are unable to determine the

agency's methodology in calculating the appellant's back pay, much less determine whether those calculations were correct.

¶9    The appellant is also seeking information on the agency's calculation of the interest on her back pay and its adjustments to her Federal Employees' Retirement System contributions, Thrift Savings Plan account, and leave balance. PFR File, Tab 1 at 4-5.  She seeks a "correction" of her deductions for union dues, a reimbursement for allegedly improper Hawaii state income tax deductions, and a correction of her Internal Revenue Service form W-2.  *Id*. at 5-6.  Although the appellant did not raise these arguments below, considering her pro se status, the interest in reaching the correct result in this compliance matter, and the fact that a proper explanation of the agency's calculation of the appellant's back pay will include evidence relevant to most, if not all of these additional matters, the administrative judge shall consider these issues on remand.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

The agency is ORDERED to take the following actions within 20 days of the date of service of this order:  (1) provide the appellant with evidence of compliance, including a full and complete narrative explanation of the calculation of back pay and other benefits, as well as supporting documents as required under

5 C.F.R. § 1201.183(a)(1)(i); and (2) submit evidence of compliance with this order to the Board's Western Regional Office.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.