# United States Court of Appeals for the Federal Circuit

04-3062

ELIZABETH A. PRICE,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Michael J. Kator, Kator, Parks & Weiser, P.L.L.C., of Washington, DC, argued for petitioner.

Kelly B. Blank, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Shawn S. McGruder, Attorney, Office of the General Counsel, Social Security Administration, of Baltimore, Maryland.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

04-3062

ELIZABETH A. PRICE,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

_____

DECIDED:  February 17, 2005

_____

Before RADER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and BRYSON, <u>Circuit Judge</u>.

Opinion for the court filed by <u>Circuit Judge</u> RADER.  Dissenting opinion filed by <u>Senior Circuit Judge</u> FRIEDMAN.

RADER, <u>Circuit Judge</u>.

Elizabeth A. Price appeals the decision of the Merit Systems Protection Board (Board) denying her motion for attorney fees.  <u>Social Sec. Admin. v. Price</u>, No. CB-7521-00-0015-A-1 (M.S.P.B. Sept. 16, 2003) (<u>Final Decision</u>).  Because the Board properly determined that an award of attorney fees to Ms. Price is not in the interest of justice, this court affirms.

I.

Ms. Price worked as an administrative law judge with the Social Security Administration (SSA).  On May 19, 1999, a federal grand jury indicted Ms. Price on one

count of perjury in an administrative hearing before SSA and one count of making a false statement for use in determining eligibility for Social Security benefits.

Based upon that indictment, SSA placed Ms. Price in paid administrative leave and sought authorization to suspend Ms. Price indefinitely. On October 13, 1999, Ms. Price was convicted. Responding to Ms. Price's conviction, the State Bar of California suspended Ms. Price's license to practice law effective March 4, 2000. SSA determined that Ms. Price no longer qualified to be an administrative law judge without a license to practice law. Therefore, SSA placed Ms. Price on absent without official leave (AWOL) status. Ms. Price remained on AWOL status from March 4, 2000, until she voluntarily retired on June 3, 2000.

Ms. Price filed a complaint with the Board alleging that SSA constructively suspended her by placing her on AWOL status without first obtaining the Board's approval. On September 15, 2000, Chief Administrative Law Judge Streb issued an initial decision awarding Ms. Price back pay with interest from March 4, 2000, to June 3, 2000. Price v. Soc. Sec. Admin., No. CB-7521-00-0015-T-1 (M.S.P.B. Sept. 15, 2000) (Initial Decision). Ms. Price later filed a motion for attorney fees of $16,631. After conducting an addendum proceeding on Ms. Price's motion, Administrative Law Judge Hermele awarded Ms. Price attorney fees of $14,284.50. Price v. Soc. Sec. Admin., No. CB-7521-00-0015-A-1 (M.S.P.B. Nov. 7, 2001) (Addendum Decision). Both parties petitioned the Board to review the fee award. The Board reversed the Addendum Decision because Ms. Price did not show that the "interest of justice" required a fee award. Final Decision, slip op. at 6-7; see 5 U.S.C. § 7703(c) (2000) (interest of justice standard).

By statute, this court's review of a Board's final decision is limited. A Board decision may not be set aside unless it is: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

5 U.S.C. § 7701(g)(1) (2000) governs the award of attorney fees before the Board:

> [T]he Board, or an administrative law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney fees incurred by an employee . . . if the employee . . . is the prevailing party and the Board, [or] administrative law judge . . . determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or in any case in which the agency's action was clearly without merit.

"The principal constraint upon the Board's section 7701(g)(1) discretion to determine when an award is warranted arises from the Board's duty to exercise that discretion reasonably, which necessarily includes the duty to articulate a rational explanation for each award." Allen v. U.S. Postal Ser., 2 M.S.P.B. 582, 592 (July 22, 1980). Moreover, a petitioner's motion for an award of attorney fees must be evaluated "from the vantage point of the original presiding official." Yorkshire v. Merit Sys. Prot. Bd., 746 F.2d 1454, 1458 (Fed. Cir. 1984).

This court must determine whether Ms. Price has met the "interest of justice" standard for an award of attorney fees. In Allen, the Board interpreted the "interest of justice" standard in section 7701(g)(1). 2 M.S.P.B. at 587-94. The Board found that

"the Board is accorded substantial discretion in determining when an award is warranted." Id. at 591. The Board set forth five "Allen factors" as "directional markers" for determining when an award of attorney fees is appropriate. Id. at 593. Ms. Price argues that she meets the "interest of justice" standard under Allen factors 1 ("the agency engaged in a 'prohibited personnel practice'"), 2 ("the agency's action was 'clearly without merit'") and 4 ("the agency committed a 'gross procedural error' which 'prolonged the proceeding' or 'severely prejudiced' the employee"), id. This court addresses each of Ms. Price's arguments in turn.

First, Ms. Price argues that an award of attorney fees is in the interest of justice because SSA committed a prohibited personnel practice. Ms. Price contends that the Board did not dispute that SSA's actions constituted a prohibited personnel practice. Contrary to Ms. Price's assertion, the Board specifically found that Chief Administrative Law Judge Streb "did not find that [SSA] had engaged in a prohibited personnel practice. Rather, he found that [SSA] did not provide the appellant with a fair hearing before suspending her, thus violating the appellant's statutory procedural rights under 5 U.S.C. § 7521, and her right to due process." Final Decision, slip op. at 6 (emphasis added). The Board went on to hold: "Where there is no finding of a prohibited personnel practice in the underlying appeal, the Board will not grant attorney fees on that basis." Id. Tellingly, Ms. Price did not raise this theory in her initial petition for attorney fees, but raises the issue on appeal by relying on Administrative Law Judge Hermele's findings in the Addendum Decision.

Ms. Price argues that by finding that SSA violated her right to due process, Chief Administrative Law Judge Streb necessarily found that SSA committed a prohibited

personnel practice. She relies on 5 U.S.C. § 2302(b)(12) (2000), which defines a prohibited personnel practice to include taking any personnel action that violates any of "the merit system principles contained in section 2301 of this title." Section 2301, in turn, defines merit systems principles to include the principle that "[a]ll employees should receive fair and equitable treatment in all aspects of personnel management . . . with proper regard for their privacy and constitutional rights." 5 U.S.C. § 2301(b)(2) (2000). Thus, she argues that the denial of a due process hearing necessarily constitutes a prohibited personnel practice. She further points out that the Board's attorney fee statute, 5 U.S.C. § 7701(g)(1), specifically refers to a case in which a prohibited personnel practice was committed and thus calls for an award of fees.

If accepted, Ms. Price's argument would mean that any denial of a due process hearing would give rise to an automatic right to an attorney fee award, which would be contrary to the highly discretionary and fact-specific nature of the Board's attorney fee determinations. Even if Ms. Price is right that a due process violation necessarily results in a prohibited personnel practice, we do not agree that the Board is deprived of its discretion over attorney fees in any case in which a due process hearing is improperly denied. That is particularly true in a case such as this one in which, as Administrative Law Judge Hermele acknowledged, the question whether a pre-suspension hearing was required was "novel" and the suspension "had some merit and was founded on some reasonable legal basis." Addendum Decision, slip op. at 4. We therefore do not agree with Ms. Price that the first factor requires an award of attorney fees in this case.

Ms. Price next challenges the Board's finding that SSA's actions in suspending her were not "clearly without merit" under the second <u>Allen</u> factor.* As this court explained in <u>Yorkshire</u>, the second <u>Allen</u> factor "is not punitive; rather, it is an effort to minimize the burden an unsubstantiated accusation places upon innocent employees." 746 F.2d at 1457 (citing <u>Sterner v. Dep't of Army</u>, 711 F.2d 1563, 1567 (Fed. Cir. 1983)). Addressing this factor, Administrative Law Judge Hermele properly found that considering Ms. Price's indictment, criminal conviction and subsequent disbarment, Ms. Price "cannot seriously be considered 'substantially innocent' of the charges against her." <u>Addendum Decision</u>, slip op. at 4.

Ms. Price cites <u>Wilson v. Department of Navy</u>, 51 M.S.P.R. 146 (1991), for the proposition that SSA's failure to provide adverse action protections mandates an award of fees. <u>Wilson</u> is readily distinguished from Ms. Price's case. In <u>Wilson</u> the Board found that an award of fees was within the interest of justice under the "clearly without merit" rubric because the agency's failure to afford the petitioner with adverse action protections was so lacking in merit that the agency's position "could not have been sustained on appeal." <u>Id.</u> at 154. In contrast, Administrative Law Judge Hermele found that "the improper suspension had some merit and was founded on some reasonable legal basis." <u>Addendum Decision</u>, slip op. at 4. SSA's legal position had at least a

---

* Although Ms. Price failed to cross-appeal this issue to the Board, this court's case law allows Ms. Price to argue all issues presented during the addendum proceeding. <u>See</u> <u>Bosley v. Merit Sys. Prot. Bd.</u>, 162 F.3d 665, 668 (Fed. Cir. 1998) (allowing a petitioner to argue all issues raised in the initial proceeding regardless of whether appealed to the Board). Although the Board did not address Ms. Price's arguments regarding the second <u>Allen</u> factor, this court treats the issue as if it had been affirmed without Board comment. <u>See, e.g.</u>, <u>James v. FERC</u>, 755 F.2d 154, 156 (Fed. Cir. 1985) (treating an unmodified decision of the presiding official as the final decision of the Board).

chance of being sustained on appeal and was not completely without merit as was the agency's position in Wilson. Substantial evidence supports Administrative Law Judge Hermele's findings on this issue given the "novel issue and [SSA's] reliance on the OPM," which advised SSA that Ms. Price was no longer considered "ready, willing and able" to work. Id.

Ms. Price's final argument is that SSA committed a "gross procedural error" under the fourth Allen factor. Under this factor, attorney fees are warranted if the agency commits a "gross procedural error" that "prolonged the proceeding" or "severely prejudiced" the employee. Allen, 2 M.S.P.B. at 593. Ms. Price's argument under this factor is essentially an invitation for this court to overrule the existing case law requiring the Board to weigh both the gravity of the procedural error and the burden placed on the petitioner. See id. (requiring the Board to weigh both the agency's error and the prejudice and burden inflicted on the petitioner); Swanson v. Def. Logistics Agency, 35 M.S.P.R. 115, 118 (1987) (same); accord Woodall v. FERC, 33 M.S.P.R. 127, 132 (1987). Ms. Price argues that the Board should not weigh the agency's procedural error with the prejudice and burden placed on the petitioner, but should consider only the agency's error. This court declines Ms. Price's invitation to rewrite the law governing the "gross procedural error" Allen factor. The Board has broad discretion to consider the effect a procedural error has on the petitioner when analyzing whether an agency's error rises to the level of a "gross procedural error."

Substantial evidence supports the Board's finding that SSA's procedural error was not a "gross procedural error." Final Decision, slip op. at 7. SSA removed Ms. Price from paid status for merely three months. She recovered that lost pay, plus

interest, through her petition filed with the Board.  Thus, SSA's procedural error placed Ms. Price under "no more . . . burden than that placed on anyone who seeks and is granted relief from the Board."  <u>Id.</u>  Substantial evidence, therefore, supports the Board's finding that the SSA's procedural error was not "gross."

III.

Because substantial evidence support's the Board's findings that Ms. Price is not entitled to an award of attorney fees in the interest of justice under the first, second or fourth <u>Allen</u> factors, this court affirms the Board's denial of attorney fees.

COSTS

Each party shall bear its own costs.

<u>AFFIRMED</u>

# United States Court of Appeals for the Federal Circuit

04-3062

ELIZABETH A. PRICE,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

FRIEDMAN, Senior Circuit Judge, dissenting.

I would vacate and remand for the Board to consider the merits of the prohibited personnel practice issue.

In the first decision, Chief Administrative Law Judge Streb did not find that the agency had committed a prohibited personnel practice, which is one of the touchstones under the Board's Allen decision for determining whether a prevailing party is entitled to attorney fees. He decided only the merits of Price's case, ruling that the agency had improperly suspended her without a hearing and finding of good cause for placing her in AWOL status, contrary to 5 U.S.C. § 7521. There was no reason for him to address the attorney fee issue. Although the Board denied a petition to review his decision, if the Board had reversed that decision, there would have been no occasion to decide the attorney fee question.

After the Board denied review, Price sought attorney fees. Administrative Law Judge Hermele granted her attorney fees as in the interest of justice. He held that "by not providing the Appellant with an opportunity for a fair hearing before suspending her

without pay for three months, the Agency clearly engaged in a 'prohibited personnel practice,' which violated her right to due process."

In reversing the attorney fee award, the Board accepted the agency's argument that "the administrative law judge erred in finding that [the agency] engaged in a prohibited personnel practice by not providing the appellant with an opportunity for a hearing before suspending her." The Board stated:

> Where there is no finding of a prohibited personnel practice in an underlying appeal, the Board will not grant attorney fees on that basis. See Vann v. Department of the Navy, 38 M.S.P.R. 411, 416 n.5 (1988) (where there is no underlying finding that the agency engaged in a prohibited personnel practice, the Board will not rely on this Allen category to grant attorney fees); see also Ryan v. Veterans Administration, 33 M.S.P.R. 463, 466 (1987) (accord). Therefore, the administrative law judge in the attorney fees portion of the case erred by basing an attorney fees award upon a finding that the agency committed a prohibited personnel practice.

The Board's ruling is unconvincing. The Board gave no reason why the lack of a finding of a prohibited personnel practice by the administrative law judge in the first proceeding should preclude a different administrative law judge from making such a finding in the second proceeding. The two Board cases the Board cites to support its ruling do not address the present situation, but merely apply the settled rule that where there is no finding of a prohibited personnel practice, the Board will not award attorney fees. Since there was no prohibited personnel practice issue involved in the first proceeding, it is difficult to understand why the first administrative law judge's failure to make a finding on that point (which would have been dictum) should preclude a different administrative judge from finding a prohibited personnel practice in the subsequent proceeding in which that issue arose. Although the Board has a strong interest in

04-3062                                    2

ensuring that a second administrative law judge does not second guess and reverse rulings and findings of the first administrative law judge in the same case, this is not that situation.

Although the Board has broad discretion in how it conducts its proceedings and in prescribing the procedural rules it will follow, the ruling that Administrative Law Judge Hermele was precluded from finding that the agency committed a prohibited personnel practice because of a failure of Chief Administrative Law Judge Streb to so find in the earlier proceeding is, in my view, unpersuasive.

The determination whether there has been a prohibited personnel practice is for the Board to make in the first instance. I would vacate the Board's holding that it was not open to Administrative Law Judge Hermele to make such a finding and remand to the Board to consider the merits of that issue.