# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LORETTA ELAINE BRAXTON,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
DC-0752-14-0997-A-1

DATE: August 12, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Debra L. Roth</u>, Esquire, Washington, D.C., for the appellant.

<u>Jeffrey James Hatch</u>, Roanoke, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Vice Chairman Harris recused herself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the addendum initial decision, which denied her motion for attorney fees.  Generally, we grant

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2       On August 22, 2014, the appellant filed a Board appeal concerning her demotion. *Braxton v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-14-0997-I-1, Initial Appeal File (IAF), Tab 42, Initial Decision (ID) at 1. In his initial decision, the administrative judge found that the agency proved its charge of conduct unbecoming a supervisor, ID at 2-15, but nevertheless ordered the agency to reverse its action because he found that the deciding official violated the appellant's due process rights when she engaged in an ex parte communication, ID at 16-17. Specifically, the deciding official adopted the penalty analysis produced by the proposing official, which the administrative judge found was problematic because the analysis referenced aggravating factors not mentioned in the proposal, and the analysis was not shared with the appellant. ID at 16. The administrative judge also found that the appellant failed to prove

her claim that the agency's action was due to discrimination based on her race. ID at 17-20.

¶3       The initial decision became the Board's final decision after neither party petitioned for review.  The appellant filed a motion for attorney fees.  *Braxton v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-14-0997-A-1, Attorney Fee File (AFF), Tab 1.  The administrative judge issued an addendum initial decision that denied the motion because he found that the appellant failed to establish that an award of attorney fees was warranted in the interest of justice. AFF, Tab 12, Addendum Initial Decision (AID) at 4-6.

¶4       The appellant has filed a petition for review of the addendum initial decision, the agency has filed a response,[2] and the appellant has filed a reply to the agency's response.  Petition for Review (PFR) File, Tabs 1, 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5       The Board may require an agency to pay reasonable attorney fees incurred by a prevailing appellant if the Board determines that such payment is warranted in the interest of justice.  5 U.S.C. § 7701(g)(1).  A finding that an award of attorney fees is warranted in the interest of justice is distinct from a finding that an appellant was a prevailing party.  *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 427-28 (1980).  Congress did not intend for prevailing appellants to be awarded attorney fees in the ordinary practice.  *Kent v. Office of Personnel Management*, 33 M.S.P.R. 361, 365 (1987).  The appellant bears the burden of showing by a preponderance of the evidence that an attorney fees award is warranted in the interest of justice.[3]  *Lampack v. U.S. Postal Service*, 29 M.S.P.R. 654, 656 (1986).

---

[2] The agency's response was untimely filed with no good cause shown, and, therefore, we decline to consider its arguments.  *See* 5 C.F.R. § 1201.114(g).

[3] The Board's regulations define preponderant evidence as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

¶6    Here, the appellant was clearly the prevailing party because the agency's action was reversed, and she was returned to her former grade.[4] *See Alexander v. Department of the Army*, 80 M.S.P.R. 350, ¶ 5 (1998) (finding that an appellant may be considered a prevailing party if she succeeds on any significant issue in the litigation that achieves some of the benefits she sought). Accordingly, we must determine whether an award of attorney fees would be in the interest of justice under the circumstances of this case. *See* 5 U.S.C. § 7701(g)(1).

¶7    The Board will determine whether fees are warranted in the interest of justice on a case-by-case basis with the benefit of a full record and the insights and reasoning of the administrative judge who heard the evidence in each case. *Allen*, 2 M.S.P.R. at 434. The following examples are useful indications of circumstances considered to reflect the interest of justice: (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error, which prolonged the proceeding or severely prejudiced the employee; and (5) the agency knew or should have known that it would not prevail on the merits when it brought the action. *Allen*, 2 M.S.P.R. at 434-35. This list is illustrative, not exhaustive, *id.* at 435, and the Board retains discretion to deny attorney fees even when one of these circumstances is present if it would not be in the interest of justice to award fees, *see id.* at 433.

¶8    In some circumstances, when an agency's action has been reversed on procedural due process grounds, the Board has awarded attorney fees pursuant to *Allen* categories 2 and 4. *See, e.g.*, *Mitchell v. Department of the Navy*, 51 M.S.P.R. 103, 116 (1991) (finding an award of attorney fees warranted because a suspension was clearly without merit when the agency failed to provide any predecisional notice or opportunity to respond, and the action therefore could

---

[4] The agency did not contest this point below or on review. PFR File, Tab 4 at 5-6.

not have been sustained on appeal), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014); *Woodall v. Federal Energy Regulatory Commission*, 33 M.S.P.R. 127, 134 (1987) (finding an award of attorney fees warranted because the agency engaged in gross procedural error by suspending an employee without any predecisional notice or opportunity to respond). The Board also has awarded attorney fees pursuant to *Allen* category 5 when an agency knew or should have known that its penalty would be mitigated, in part, because it improperly considered allegations of misconduct that were not included in the proposal notice in making its penalty determination. *Brunning v. General Services Administration*, 63 M.S.P.R. 490, 492-95 (1994).[5] However, the primary basis for the penalty mitigation in *Brunning* was that the agency failed to prove many of its allegations against the appellant. *Id.*

¶9      Under the facts of this case, in which the appellant prevailed solely on her due process claim, we find that the most relevant *Allen* factor to consider is whether the agency committed gross procedural error. The Board is not constrained to automatically find gross procedural error whenever an appellant obtains a reversal on procedural due process grounds. *See Price v. Social Security Administration*, 398 F.3d 1322, 1326 (Fed. Cir. 2005) (finding that the Board is not deprived of its discretion over attorney fees in any case in which a due process hearing is improperly denied); *cf. Wright v. Department of the Army*, 5 M.S.P.R. 216, 218 (1981) (finding that an attorney fee award was not warranted in the interest of justice despite the agency's failure to apply the procedural requirements for effecting an adverse action). The Board will find gross

---

[5] In *Brunning*, the Board did not indicate that the agency's improper consideration of the appellant's past misconduct constituted a due process violation. *Brunning*, 63 M.S.P.R. at 492-95. However, *Brunning* was decided before the U.S. Court of Appeals for the Federal Circuit overruled the Board's holding that ex parte communications solely concerning penalty determinations did not constitute due process violations. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011).

procedural error only after weighing the nature of, and any excuse for, the error against the prejudice and burden resulting for the appellant. *Baldwin v. Department of Veterans Affairs*, 115 M.S.P.R. 413, ¶ 17 (2010). If, in the balance, the prejudice and burden to the appellant predominates, gross procedural error exists, and the appellant is entitled to a fee award. *Id.*

¶10    The nature of the error in this case, i.e., an ex parte communication, is not one that requires a reversal in every case. *See Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279 (Fed. Cir. 2011). Instead, only those communications that introduce new and material information to the deciding official will undermine an appellant's due process rights. *Id.* Here, although the administrative judge ultimately concluded that the ex parte communication at issue required a reversal, ID at 15-16, there is no indication that the conclusion that the agency violated the appellant's due process rights was not debatable among reasonable people. *Cf. Price*, 398 F.3d at 1327 (finding that an attorney fees award was not warranted in the interest of justice when, among other things, the agency had some reasonable legal basis for denying the appellant certain due process rights); *Wood v. Department of Defense*, 100 M.S.P.R. 133, ¶ 11 (2005) (finding that, in the whistleblower context, for an agency action to constitute "gross" mismanagement, a conclusion that the agency erred cannot be debatable among reasonable people). The appellant has failed to demonstrate that she suffered any more prejudice or harm than is normally suffered by those who obtain relief from the Board. *See Price*, 398 F.3d at 1327. Further, when the Board has found attorney fees warranted for due process errors in the past, those errors were such that the appellants were provided with little to no predecisional notice or opportunity to be heard. *See, e.g.*, *Mitchell*, 51 M.S.P.R. at 116; *Mercer v. Department of Health & Human Services*, 42 M.S.P.R. 115, 121-22 (1989); *Woodall*, 33 M.S.P.R. at 134; *Coltrane v. Department of the Army*, 32 M.S.P.R. 6, 9 (1986). Here, by contrast, the agency gave the appellant substantial predecisional notice of the reasons for her demotion and an opportunity to respond but for the

agency's failure to provide notice of the penalty-factor analysis that the proposing official provided to the deciding official. ID at 2-4, 16-17.

¶11    For these reasons, we will not disturb the determination of the administrative judge who decided in the underlying appeal that the appellant failed to establish that the particular procedural error at issue was so egregious as to constitute gross procedural error under the circumstances of this case. AID at 4-5. We also find no basis to disturb the administrative judge's determination that none of the other circumstances for awarding fees specified in *Allen*, 2 M.S.P.R. at 434-35, are present here. AID at 4-6. The appellant has neither argued nor proven that she was substantially innocent of the charges or that the agency knew or should have known it would not prove its charges or lacked a valid basis for its action, and we find that attorney fees are not warranted on those bases. Additionally, for the reasons stated above, we find that the appellant has failed to show that the agency action was "clearly" taken without due process or that the agency "knew or should have known" that the action would be reversed on due process grounds. We find no evidence of any other circumstances in the existing record that would support an award of attorney fees in the interest of justice. Accordingly, we affirm the addendum initial decision denying the appellant's request for an award of attorney fees.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.