## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WALTER A. LAMAR, JR.,
   Appellant,

  v.

DEPARTMENT OF THE AIR FORCE,
   Agency.

DOCKET NUMBER
AT-1221-22-0460-W-1

DATE: September 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Walter A. Lamar, Jr.</u>, Macon, Georgia, pro se.

<u>Gregory Lloyd</u>, Robins Air Force Base, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant, a former GS-9 Production Management Specialist, filed the instant IRA appeal, alleging that his involuntary retirement was the result of whistleblower reprisal. Initial Appeal File (IAF), Tab 1 at 1, 3; Petition for Review (PFR) File, Tab 1 at 2. The appellant included a copy of the final determination letter from the Office of Special Counsel (OSC). The administrative judge issued an order to show cause on the issue of jurisdiction. IAF, Tab 3. The appellant did not respond. After the agency moved to dismiss the appeal, the administrative judge issued an initial decision finding that the appellant failed to show that he exhausted his involuntary retirement with OSC and dismissing the appeal for lack of jurisdiction. IAF, Tabs 5, 10, Initial Decision (ID) at 1, 4. The decision notified the appellant that it would become final on August 19, 2022, unless a petition for review was filed by that date. ID at 4.

On September 5, 2022, the appellant filed a copy of his OSC complaint form and a March 14, 2011 removal decision with the regional office. PFR File, Tab 1. Then, on January 13, 2023, and March 9, 2023, he filed two additional documents with the regional office, requesting that the Board "reopen" and review the initial decision. PFR File, Tabs 2-3. Accordingly, the regional office forwarded his submissions to Board for processing as a petition for review. PFR File, Tab 4 at 1. The Clerk of the Board subsequently notified the appellant that his September 5, 2022 submissions were being considered as a petition for review, and his January 13, 2023 and March 9, 2023 submissions as supplements to his petition for review. *Id*. The Clerk further notified the appellant that his petition for review appeared to be untimely and provided him with an opportunity to submit a motion requesting either to accept the filing as timely or waive the time limit for good cause. *Id*. at 1-2. The appellant has filed a timeliness motion,

and the agency has moved to dismiss the petition for review as untimely.  PFR File, Tabs 5-6.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The petition for review is untimely filed.</u>

The initial decision indicated that the appellant's petition for review had to be filed by August 19, 2022.  ID at 4.  However, the appellant did not file his petition for review until September 5, 2022, seventeen days after the deadline.  PFR File, Tab 1.  The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision.  5 C.F.R. § 1201.114(e).  The appellant is registered as an e-filer and, therefore, is deemed to have received the administrative judge's orders on the date of electronic submission, pursuant to 5 C.F.R. § 1201.14(m)(2) (2022).  *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); IAF, Tab 1 at 2, Tab 7.  Further, as an e-filer, the appellant was responsible for monitoring his case activity at e-Appeal to ensure that he received all case-related documents.  5 C.F.R. § 1201.14(j)(3) (2022).

We deem the appellant to have received the initial decision on July 15, 2022, the date it was electronically submitted.  ID at 1; IAF, Tab 7.  His deadline for filing a petition for review was 35 days later, on August 19, 2022.  PFR File, Tab 4 at 2.  Therefore, the appellant's September 5, 2022 petition for review was untimely filed by 17 days.

---

[2] The appellant filed a motion to accept filing as timely and/or ask the Board to waive or set aside the time limit over 7 months after the deadline set by the Clerk's Office, and he offers no explanation for its untimeliness.  PFR File, Tabs 4, 6.  We therefore decline to consider it in deciding the issue of the timeliness of the appellant's petition for review.  *See Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶ 8 (2010) (finding that, in the absence of a motion showing good cause for an untimely filing, the Board may exercise its discretion to decide the issue based on the existing record); 5 C.F.R. § 1201.114(f).

<u>The appellant has not demonstrated good cause for his untimely filed petition for review.</u>

In his petition for review, the appellant argues that he requested an extension and encountered "a series of obstacles" that prevented him from timely filing a copy of his OSC complaint, which he submitted to the Board on review. PFR File, Tab 2 at 1. The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.114(f)-(g). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army,* 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). The discovery of new evidence may constitute good cause for waiver of the Board's filing deadline if the evidence was not readily available before the close of the record below and is of sufficient weight to warrant an outcome different from that of the initial decision. *Minnich v. Office of Personnel Management*, 63 M.S.P.R. 573, 575 (1994), *aff'd per curiam*, 53 F.3d 348 (Fed. Cir. 1995) (Table).

Applying the *Moorman* factors, we find that the appellant has failed to establish good cause for his untimely petition for review. Although the appellant is proceeding pro se, his 17-day delay in filing is not minimal. *See Rivera*, 111 M.S.P.R. 581, ¶¶ 6-7 (declining to excuse a pro se appellant's 5-day delay in filing a petition for review allegedly caused by the loss of electricity during a portion of the filing period). We also find unpersuasive his allegation that he requested an extension. There is no record of the appellant's alleged request for

an extension of time. The appellant did not provide a copy of his request, indicate to whom he made it, or allege that he made the request on or before the filing deadline. *See Siler v. U.S. Postal Service*, 76 M.S.P.R. 10, 14 (1997) (finding the appellant's attorney's allegation that he left a telephone message for the Clerk of the Board regarding "snags" that prevented him from preparing his petition for review did not establish that the appellant requested an extension of time on or before the filing deadline).

To the extent the appellant may be arguing that he experienced technical difficulties in filing his petition for review, we find that any technical difficulties he encountered do not outweigh his failure to show that he acted with due diligence in filing his pleading. In assessing a party's allegation that an untimely filing was due to technical difficulties, the Board will consider the particular circumstances of the case. *Compare Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶¶ 7, 9 (2010) (finding good cause when the pro se appellant created his petition for review in e-Appeal before the deadline but did not complete the electronic submission until 4 minutes after the filing deadline), *Boykin v. U.S. Postal Service*, 104 M.S.P.R. 460, ¶ 6 (2007) (excusing a 1-day delay in filing when an appellant's representative reported making multiple attempts to timely file and the Board's records reflected a high incidence of users reporting problems with the e-Appeal system during the date in question), *and Social Security Administration v. Price*, 94 M.S.P.R. 337, ¶ 7 (2003) (finding good cause when agency counsel began sending the petition via facsimile on the due date but, due to technical problems, failed to complete the submission until 34 minutes past the filing deadline), *aff'd*, 398 F.3d 1322 (Fed. Cir. 2005), *with Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶¶ 5-10 (2014) (declining to excuse a 7-day delay for claimed difficulties with e-Appeal when, inter alia, the appellant's representative was familiar with e-Appeal and failed to submit a motion showing good cause), *and Gaetos v. Department of Veterans Affairs*,

121 M.S.P.R. 201, ¶ 6 (2014) (declining to excuse a petition that was untimely by 3.5 hours when the petitioner failed to establish a good reason for the delay).

Based on the facts of this case, we find that the appellant has not established good cause for his untimeliness. As set forth above, the record does not indicate that he requested an extension nor that he attempted to timely file his petition by an alternate method. *See* 5 C.F.R. § 1201.14(f) (2022) ("A party or representative who has registered as an e-filer may file any pleading by non-electronic means, i.e., via postal mail, fax, or personal or commercial delivery."). Instead, he delayed and chose to hand-deliver his pleading on September 5, 2022, which was 17 days after the filing deadline. PFR File, Tab 1 at 1; *see generally Snipes v. Office of Personnel Management*, 32 M.S.P.R. 66, 67 (finding no good cause for the delay when the appellant failed to request an extension of time from the Board to obtain a report known to the appellant before the expiration of the filing period), *aff'd*, 831 F.2d 306 (Fed. Cir. 1987) (Table). Under these circumstances, the appellant has not shown that he acted with due diligence in filing his pleading.

To the extent the appellant argues that his ability to now submit his OSC complaint shows good cause, we are also not persuaded. PFR File, Tab 2 at 1. The appellant did not show that his OSC complaint, which was necessarily filed with OSC before its April 19, 2022 final determination letter, was not available before the record closed on July 14, 2022. IAF, Tab 1 at 6, Tab 3 at 8. Therefore, we find that the appellant has not presented new evidence on which to grant review of the initial decision. *Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶¶ 3, 5 (2013) (finding the Board would not consider the appellant's EEO report of investigation because the appellant failed to show that the information in the documents was unavailable before the close of record).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

of the petition for review.  The initial decision remains the final decision of the Board regarding this IRA appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 .S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.