# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEANINE FERTIL,
          Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
NY-0752-22-0035-I-1

DATE: November 18, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jeanine Fertil</u>, Fleetwood, New York, pro se.

<u>Erica Holder</u>, Esquire, Brooklyn, New York, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On November 3, 2021, the agency issued a decision removing the appellant from her GS-9 Program Analyst position, effective November 8, 2021. Initial Appeal File (IAF), Tab 10 at 13, 15-22. According to the parties' submissions below, the appellant received the decision on November 18, 2021. IAF, Tab 1 at 1, Tab 10 at 7. The appellant filed an appeal of her removal on December 21, 2021, IAF, Tab 1, and the administrative judge ordered the appellant to submit evidence and argument showing that her appeal was timely filed or that good cause existed for the delay in filing, IAF, Tab 3 at 2-4. After considering the appellant's response, the administrative judge issued an initial decision dismissing the appeal as untimely filed, finding that the appeal was 1 day untimely without good cause shown. IAF, Tab 29, Initial Decision (ID) at 5-6.

The initial decision stated that it would become final on March 14, 2022, unless a petition for review was filed by that date. ID at 6. On March 15, 2022, the appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1 at 3, Tab 2 at 1. She alleges for the first time that she did not receive the removal decision on November 18, 2021, but rather she received it on November 21, 2021. PFR File, Tab 1 at 4. She also alleges that she drafted and thought she had submitted her initial appeal on December 20, 2021, but submitted it the following day after she received an e-Appeal email informing her that her appeal had not yet been submitted. *Id.* The Acting Clerk of the Board subsequently notified the appellant that her petition for review appeared to be untimely and provided her with an opportunity to submit a motion requesting either to accept the filing as timely or waive the time limit for good cause. PFR File, Tab 2 at 2. The appellant has not provided a response. The agency has responded to the petition for review. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The appellant has demonstrated good cause for her untimely filed petition for review.</u>

The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). The appellant was registered as an e-filer at the time, and, therefore, is deemed to have received the administrative judge's orders on the date of electronic submission. IAF, Tab 1 at 2, Tab 15; *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); 5 C.F.R. § 1201.14(m)(2) (2022). We therefore deem the appellant to have received the initial decision on February 7, 2022, the date it was electronically submitted. ID at 1; IAF, Tab 15. Thus, her deadline for filing a petition for review was 35 days later, on March 14, 2022. ID at 6. The appellant filed her petition for review on March 15, 2022 at 12:07 a.m., 7 minutes after the deadline. PFR File, Tab 1. Accordingly, the appellant's March 15, 2022 petition for review was untimely filed.

However, the Board will waive its filing deadline upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.114(f)-(g). As here, when there is an absence of a motion showing good cause for an untimely filing, the Board may nevertheless exercise its discretion to decide the issue based on the existing record. *Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶ 8 (2010); 5 C.F.R. § 1201.114(f). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of

circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune, which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army,* 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

The pro se appellant alleges in her petition for review that her untimeliness should be waived because she is unfamiliar with the Board's appeal process and encountered difficulties with the Board's e-Appeal system when submitting her initial appeal. PFR File, Tab 1 at 4. Under certain circumstances, the Board has excused delays in filing caused by difficulties encountered with the Board's e-Appeal system. *See, e.g.*, *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 6-8 (2010) (excusing a filing delay when the appellant alleged that he attempted to electronically file his petition for review on time, and once the appellant became aware that his petition had not been filed, he contacted the Board and submitted a petition for review that included an explanation of his untimeliness); *Lamb v. Office of Personnel Management*, 110 M.S.P.R. 415, ¶ 9 (2009) (excusing the untimely filing of an appeal when the appellant reasonably believed he filed timely by completing all the questions on the on-line appeal form and exited the website without receiving a clear warning that his appeal was not filed).

Based on the facts of this case, we conclude that the appellant has established good cause for her untimeliness. Here, the appellant is pro se and her approximate 7-minute delay is minimal. *See Wiggins*, 113 M.S.P.R. 443, ¶¶ 7, 9 (finding good cause when the pro se appellant created his petition for review in e-Appeal before the deadline, but did not complete the electronic submission until 4 minutes after the filing deadline). She is also not familiar with the e-Appeal system, having only filed a total of 3 pleadings electronically during her initial appeal and petition for review proceedings. *E.g.*, IAF, Tabs 1, 13; PFR File, Tab 1. Moreover, as explained below, the appellant has shown that she

encountered similar difficulty submitting her appeal with the Board's e-Appeal system. *See Social Security Administration v. Price*, 94 M.S.P.R. 337, ¶ 7 (2003) (finding good cause when agency counsel began sending the petition via facsimile on the due date but, due to technical problems, failed to complete the submission until 34 minutes past the filing deadline), *aff'd*, 398 F.3d 1322 (Fed. Cir. 2005). In light of our finding that the appellant has established good cause for her untimely filing, and because the agency has not alleged that it was prejudiced by the approximate 7-minute delay, we find that waiver of the filing deadline is appropriate. *See Wiggins*, 113 M.S.P.R. 443, ¶ 9.

The appellant has also demonstrated good cause for her untimely filed appeal.

On review, the appellant challenges the administrative judge's finding that her appeal was untimely and alleges for the first time that she did not receive the agency's removal decision until November 21, 2021. PFR File, Tab 1 at 4. She submits a waterpark receipt that she claims shows that she was traveling from November 18-20, 2021 and, therefore, did not receive the agency's removal decision until her return home on November 21, 2021. *Id*. at 4-5. She also submits a copy of the United Parcel Service (UPS) Next Day Air envelope from the agency's removal decision containing a tracking number and a sticker dated November 18, 2021, which the appellant explains was the reason she indicated on her initial appeal form that she received the decision on November 18, 2021. *Id*. at 4, 6.

Under 5 C.F.R. § 1201.22(b)(3), an appellant is deemed to have received an agency decision letter on the date it was received at the address the appellant provided to the agency, even if the appellant received it later. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶¶ 5-9 (2014); *see also Little v. U.S. Postal Service*, 124 M.S.P.R. 183, ¶ 9 (2017) (finding that an appellant who fails to pick up mail delivered to her post office box is deemed to have constructively received the mail the date it was delivered to her post office box). Even assuming

that the November 18, 2021 date on the UPS Next Day Air envelope was the date that the package was mailed to the appellant, and not the date of delivery, the appellant would have received the decision the following day on November 19, 2021. PFR File, Tab 1 at 4, 6. Therefore, her deadline to file her appeal would have still been December 20, 2021, and her December 21, 2021 appeal would still be untimely by 1 day.[2]

On review, the appellant alleges for the first time that she encountered difficulties with the Board's e-Appeal system when submitting her initial appeal. PFR File, Tab 1 at 4. Specifically, she asserts that she thought she had submitted her appeal on December 20, 2021, until she received an email from e-Appeal on December 21, 2021, at 2:52 p.m. informing her that she had not submitted her appeal, at which point she submitted it at 3:27 p.m. IAF, Tab 1 at 1; PFR File Tab 1 at 4, 7. The Board's records reflect that emergency maintenance was performed on December 20, 2021, from 9:00 p.m. to 10:30 p.m., at which time e-Appeal was down, which supports the appellant's claims of technical difficulties. *See Boykin v. U.S. Postal Service*, 104 M.S.P.R. 460, ¶ 6 (2007) (excusing a 1-day delay in filing when an appellant's representative reported making multiple attempts to timely file and the Board's records reflected a high incidence of users reporting problems with the e-Appeal system during the date in question). Therefore, we find that the appellant has established good cause for the untimely filing of her appeal.[3]

---

[2] Thirty days from November 19, 2021, was Sunday, December 19, 2021. Therefore, the filing deadline was the next business day, Monday, December 20, 2021. *See* 5 C.F.R. § 1201.23.

[3] Because we find that the appellant established good cause for her untimely filed appeal, we need not consider any remaining arguments she re-raises on review, including for example that her untimeliness should be excused because she "had to tend to sick family members." PFR File, Tab 1 at 4.

**ORDER**

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order. On remand, the administrative judge should further develop the record as to the merits of the appeal and hold the appellant's requested hearing.  IAF, Tab 1 at 2.


FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.